IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**RODERICK MONTAY CONIC, SR.**                                              **PLAINTIFF**

V.                              **CASE NO. 5:14CV00282 JM/BD**

**TAMMY SHAMBLEY**                                                          **DEFENDANT**

**RECOMMENDED DISPOSITION**

**I.    Procedures for Filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to United States District Judge James M. Moody Jr.  Any party file written objections to this Recommendation.  If you file objections, they must be specific and must include the factual or legal basis for your objection.  Your objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation.

If no objections are filed, Judge Moody can adopt this Recommendation without independently reviewing the record.  By not objecting, you may also waive any right to appeal questions of fact.

**II.   Discussion:**

A.  Background

Plaintiff RoDerick Conic, Sr., a former Arkansas Department of Correction ("ADC") inmate, filed this lawsuit on July 17, 2014.  (Docket entry #2)   After screening the complaint, the Court determined that Mr. Conic had stated a failure-to-protect claim against Tammy Shambley.  (#6)

Ms. Shambley has now moved for summary judgment. (#39) She argues that Mr. Conic failed to fully exhaust any grievance against her regarding a failure to protect him. (#39, #40, #41) Mr. Conic responded to the motion arguing that he did exhaust the issue. (#45) For the reasons set forth below, the Court recommends that Ms. Shambley's motion for summary judgment (#39) be GRANTED.

B.  Standard

Summary judgment is granted to a party when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine dispute as to any material fact. FED.R.CIV.P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 246, 106 S.Ct. 2505 (1986).

C.  Exhaustion

The Prison Litigation Reform Act requires the dismissal of any claim that was not fully exhausted prior to filing a lawsuit under 42 U.S.C. § 1983.  See 42 U.S.C. § 1997e(a) (declaring, "[n]o action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted"); *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (explaining the proper exhaustion of remedies "means using all steps that the [prison] holds out, and doing so properly"); *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003) (holding an inmate must exhaust all available administrative remedies before filing suit, and "[i]f exhaustion was not completed at

the time of filing, dismissal is mandatory"). Furthermore, an inmate's subjective beliefs regarding exhaustion are irrelevant in determining whether administrative procedures are available. See *Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir. 2000).

Based on the undisputed evidence presented, from the date of the altercation on September 30, 2012, until the date Mr. Conic filed this lawsuit on July 17, 2014, Mr. Conic filed only one grievance (CU-13-292) complaining about Ms. Shambley's conduct.[1] (#2, p.16, #39, Ex. A, #40) In that grievance, Mr. Conic complained that Ms. Shambley's investigation of the September 30, 2012 altercation was poor and that the stiff disciplinary violation issued to him was based on inaccurate information provided by Ms. Shambley. (#2, p.16, #40) This grievance was rejected because it raised a non-grievable disciplinary matter. (#2, p.17, #39, Ex. C)

Mr. Conic appealed the rejection, arguing that his grievance "deals with more than just disciplinary issues. It includes . . . [h]ow security staff failed to protect me. . . ." (#2, p.17, #39, Ex. C) Mr. Conic's appeal was denied as having no merit because disciplinary matters are not grievable issues. Mr. Conic was informed that he could utilize the disciplinary appeal process. (#2, p.18, #39, Ex. C)

In grievance CU-13-392, Mr. Conic did not allege that Ms. Shambley failed to protect him during the altercation at issue. He <u>did</u> argue that security staff failed to

---

[1] Mr. Conic attached one other grievance to his complaint; however, that grievance addressed complaints regarding his medical care and is inapplicable to his failure-to-protect claim.

protect him in his grievance appeal, but the ADC did not address that issue. Rather, the ADC affirmed the rejection of the grievance because it pertained to a disciplinary matter.

Even if the grievance had included a failure-to-protect allegation, CU-13-292 was not timely filed. To fully exhaust administrative remedies, inmates are required to <u>timely</u> file an informal resolution, a formal grievance and a grievance appeal as set out in the Inmate Grievance Policy. (#39, Ex. A & B) According to Administrative Directive 12-16, an inmate must file an informal resolution form within 15 days of the incident. Here, it is undisputed that Mr. Conic filed grievance CU-13-292 on January 28, 2013, almost four months after the altercation at issue took place. (#2, p.18, #40) (#39, Ex. A & B) Therefore, grievance CU-13-292 was untimely, and even if it had included a complaint that Ms. Shambley failed to protect Mr. Conic, the grievance was not fully and properly exhausted.

### III.   Conclusion:

The Court recommends that Ms. Shambley's motion for summary judgment (#39) be GRANTED. Mr. Conic's claims against Ms. Shambley should be DISMISSED, without prejudice, based on his failure to exhaust his administrative remedies.

DATED this 17th day of June, 2015.

_____
UNITED STATES MAGISTRATE JUDGE